1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10         **WESTERN DIVISION**

11

12   ANTHONY JOSEPH CAPPIELLO,            )    No. CV 14-7813-DSF (PLA)
                                          )
13                 Petitioner,            )
                                          )
14         v.                             )    **ORDER DISMISSING PETITION FOR LACK**
                                          )    **OF EXHAUSTION, FAILURE TO**
                                          )    **PROSECUTE, AND FAILURE TO COMPLY**
15   CIM WARDEN, TIM PEREZ,               )    **WITH COURT ORDERS**
                                          )
16                 Respondent.            )
                                          )
17   _____  )

18                                    **I.**

19                                **BACKGROUND**

20         On October 8, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in

21   State Custody.  On December 10, 2014, respondent filed a Motion to Dismiss on the ground that

22   all of petitioner's claims are unexhausted.  (Dkt. No. 7).  Per the Magistrate Judge's October 10,

23   2014, Order Requiring Response to Petition for Writ of Habeas Corpus, petitioner's opposition to

24   the Motion to Dismiss was due by January 10, 2015.  (<u>See</u> Dkt. No. 3).  When, as of January 26,

25   2015, petitioner had not filed an opposition to the Motion to Dismiss, the Magistrate Judge ordered

26   petitioner to file an opposition to the Motion to Dismiss "no later than February 23, 2015."  (Dkt.

27   No. 9).  Petitioner was advised that "failure to oppose a motion to dismiss may be construed as

28   consent to the granting of the motion, and may result in dismissal of the action."  (<u>Id.</u> (citing C.D.

Cal. R. 7-12)).   On February 25, 2015, the Magistrate Judge's January 26, 2015, order was returned to the Court with the notation "Paroled 01/16/15."  (Dkt. No. 10).

On March 3, 2015, the Magistrate Judge issued an order to petitioner to show cause "**no later than March 16, 2015**," why this case should not be summarily dismissed for failure to notify the Court of his current address in compliance with Local Rule 41-6, for failure to prosecute, and as unexhausted ("Order to Show Cause").  (Dkt. No. 11).  Petitioner was advised that failure to respond by March 16, 2015, "**will result in the instant Petition being summarily dismissed with prejudice** for failure to prosecute and to obey court orders, and as unexhausted."  (Order to Show Cause at 2).

To date, petitioner has not filed a response to either the January 26, 2015, order to file an opposition to the Motion to Dismiss, or to the March 3, 2015, Order to Show Cause, and his time to do so has passed.

**II.**

**DISCUSSION**

**A.   EXHAUSTION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).   Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it is clear from the face of the Petition and its exhibits that although petitioner attempted to submit his claims to the California Supreme Court in a petition for review, that court refused to consider the petition for review because it was filed beyond the deadline for filing such a petition.  (Pet. at 3, Exs. at 13[1] (August 26, 2014, letter from the California Supreme Court Deputy Clerk informing petitioner that his petition for review "received August 25, 2014 in the above-entitled matter cannot be considered by this court due to lack of jurisdiction. [¶] Our records indicate the Court of Appeal filed its decision on March 3, 2014.  The last day we could have entertained any pleading was May 2, 2014.")).[2]  Petitioner did not file any habeas petitions in the state courts.  (Pet. at 6-7).  Thus, petitioner has not exhausted his claims in the California Supreme Court.  Nor has petitioner provided any reason to this Court to explain why the Petition should not be dismissed as unexhausted.  See 28 U.S.C. § 2254(b)(1).  Accordingly, the Court can construe petitioner's failure to file an opposition to the Motion to Dismiss as consent to the granting of the motion.  (C.D. Cal. R. 7-12).

/

/

---

[1]   For ease of reference, the Court uses the ECF-generated page numbers when referring to the Exhibits to the Petition.

[2]   The Court notes that petitioner signed the petition for review on August 18, 2014, well past the state court's filing deadline of May 2, 2014.  (Pet. Exs. at 46).

In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition for failure to exhaust state court remedies and for failure to oppose the Motion to Dismiss. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**B.    FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with court orders the Court must consider the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Petitioner's failure to file a response to the January 26, 2015, order to file an opposition to the Motion to Dismiss, and to the March 3, 2015, Order to Show Cause, including his failure to keep the Court apprised of his current address as

/
/
/
/

1  required by Local Rule 41-6,[3] hinders the Court's ability to move this case toward disposition and
2  indicates that petitioner does not intend to litigate this action diligently.

3       The third factor -- prejudice to respondent -- weighs in favor of dismissal.  A rebuttable
4  presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution
5  of an action. Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a presumption is unwarranted
6  in this case.

7       The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against
8  dismissal.  However, it is petitioner's responsibility to move his case toward a disposition at a
9  reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley Co., 942
10  F.2d 648, 652 (9th Cir. 1991).  By failing to file an opposition to the Motion to Dismiss, or a response
11  to the Order to Show Cause as ordered by the Magistrate Judge, petitioner has not discharged this
12  responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits
13  does not outweigh petitioner's failure to comply with court orders.

14       The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The
15  Magistrate Judge first attempted to avoid dismissal when he issued the January 26, 2015, order that
16  petitioner file an opposition to the Motion to Dismiss.  (Dkt. No. 9 (informing petitioner that "failure to
17  oppose a motion to dismiss . . . may result in dismissal of the action") (citing C.D. Cal. R. 7-12)).  The
18  Magistrate Judge next attempted to avoid dismissal when he issued the March 3, 2015, Order to
19  Show Cause, noting petitioner's failure to comply with Local Rule 41-6 requiring petitioner to keep
20  the Court apprised of his current address, and giving petitioner an opportunity to show cause why
21  this case should not be dismissed as unexhausted and for failure to prosecute.  (Order to Show
22  Cause at 1-2).  Nonetheless, to date, petitioner has failed to file a response to the Order to Show
23  Cause as required by the order.

24
25
26     [3]  Local Rule 41-6 provides:  "The Court may decline to consider any memorandum or other
27  document not filed within the deadline set by order or local rule. The failure to file any required
    document, or the failure to file it within the deadline, may be deemed consent to the granting or
28  denial of the motion . . . ."

1      Taking all of the above factors into account, dismissal of the Petition as unexhausted, and for

2 failure to prosecute and follow court orders, is appropriate.  Such a dismissal, however, should not

3 be entered unless petitioner has been notified that dismissal is imminent.  See West Coast Theater

4 Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  In this case, petitioner was cautioned

5 about the possibility of dismissal in the January 26, 2015, order requesting an opposition to the

6 Motion to Dismiss (Dkt. No. 7 ("[F]ailure to oppose a motion to dismiss may be construed as consent

7 to the granting of the motion, and may result in dismissal of the action")), and in the March 3, 3015,

8 Order to Show Cause.  (Dkt. No. 11 at 2 ("**Failure to respond by March 16, 2015, will result in the**

9 **instant Petition being summarily dismissed with prejudice** for failure to prosecute and to obey

10 court orders, and as unexhausted.")).

11      In light of the foregoing, the Court finds that it is also appropriate to dismiss the Petition with

12 prejudice for failure to prosecute and to follow court orders.

13

14                      **III.**

15                   **ORDER**

16      IT IS THEREFORE ORDERED that this action is **dismissed with prejudice** as

17 unexhausted, and for failure to prosecute and to follow court orders.

18        3/24/15

19 DATED: _____

20                        _____
                       HONORABLE DALE S. FISCHER
                       UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28